**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMAN KUMAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1080

Agency No.
A216-629-072

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2024
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Aman Kumar, a native and citizen of India, petitions for review from the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). "When, like here, the BIA issues its own decision but adopts particular

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* As the parties are familiar with the facts, we do not recount them here. We grant the petition for review and remand to the BIA.

"Under the REAL ID Act, an applicant for relief is not presumed credible, and the [agency] is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Id.* (internal quotation marks and citation omitted).

The agency found Kumar not credible for four reasons. First, the agency found that there were wording discrepancies in documents from Kumar's church in India. On a letter from the church, the letterhead and one sentence called the church "Belibers Church," but a stamp on the letter called the church "Believers Church." In addition, the letter referred to the religious leader as "pastor" while the baptism certificate referred to him as "reverend." However, these are both trivial discrepancies, and therefore they do not support the adverse credibility determination. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (noting that a "trivial inconsistency, such as a typographical error, will not" support an adverse credibility determination (citation omitted)).

Second, the agency found that the record was inconsistent regarding the

timing of Kumar's conversion to Christianity. Kumar stated that he was first introduced to Christianity in January 2017, and he joined the church and was baptized the following month. In contrast, the church letter stated that the pastor had known Kumar for two years in his "capacity as pastor" and that "Kumar had been an active member of [the] church" and "attend[ed] services weekly." The letter is undated, but Kumar testified that the letter was written in January 2017. When asked about the inconsistency, Kumar responded that he "used to meet" the pastor to "understand him and know him" before he "started going to church in January 2017." Substantial evidence supports the agency's determination that there was an was an inconsistency in the record regarding the timing of Kumar's conversion to Christianity, and that Kumar's explanation for the inconsistency was unpersuasive. *See Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) ("The only question for judges reviewing the BIA's factual determinations is whether *any* reasonable adjudicator could have found as the agency did.").

Third, the agency found that Kumar's credibility was undermined by his demeanor because he was non-responsive and evasive when answering questions. "[T]he IJ is in the best position to consider a petitioner's demeanor, candor, and responsiveness." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam). During the hearing and in his decision, the IJ explicitly noted instances when he believed Kumar was being non-responsive and evasive, and

asked Kumar about his lack of eye contact. The BIA deferred to the IJ's demeanor findings which, though "subjective," need only pass a "low bar." *Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021). "[H]owever, the special deference [this court] accord[s] to an IJ's demeanor findings only applies to non-verbal, and therefore non-textual, factors." *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) (internal quotation marks and citation omitted). There is no indication that Kumar continued not making eye contact after he was instructed to do so, and it is unclear from the transcript whether Kumar was intentionally non-responsive or evasive in answering some lines of questioning.

Fourth, the agency found that although Kumar provided a letter from his current pastor, he failed to produce his current pastor or his uncle as witnesses to corroborate his current practice of Christianity. The failure to provide corroborating evidence may be a factor supporting an adverse credibility determination and may prevent the applicant from "rehabilitating" testimony found not credible. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Substantial evidence also supports the BIA's decision that [the petitioner] did not rehabilitate his testimony with sufficient corroborating evidence.").

Overall, some of the agency's reasons for the adverse credibility determination are not supported by substantial evidence. "We acknowledge that in some circumstances, our 'totality of circumstances' review of the BIA's

determination permits us to uphold an adverse credibility finding, even where we conclude that some of the grounds are not supported by substantial evidence." *Kumar*, 18 F.4th at 1156. However, under the circumstances of this case, "we remand to the BIA to determine in the first instance whether the remaining factors—considered on their own—suffice to support an adverse credibility determination." *Id.*

Kumar does not challenge the agency's determination that his documentary evidence did not independently establish his eligibility for asylum, withholding of removal, and CAT protection, and therefore he has waived the issue. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived).

We grant Kumar's motion to stay removal.

**PETITION FOR REVIEW GRANTED**.